**Barbara MURPHY, Respondent,**

v.

**Joseph MURPHY, Appellant.**

**No. 59326.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1991.

Terrance L. Farris, Clayton, for appellant.

Bruce Hilton, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Joseph Murphy, appeals an order of the Circuit Court of St. Louis County awarding respondent child support arrearages in the amount of $6,750.00. We reverse for lack of jurisdiction.

The marriage of the parties was originally dissolved on August 23, 1979. Pursuant to the terms of the decree, respondent was awarded custody of the couple's two children, Christopher (11) and Alissa (9). A family maintenance agreement was incorporated into the decree which provided for support payments to respondent of $1,050.00 per month. These payments were to be reduced by $500.00 per month as each child became emancipated, married, died or reached age 21, whichever occurred first. The amount of maintenance was later modified from $1,050.00 per month to $1,500.00 per month with corresponding increases in the reductions for emancipation of a child to $750.00 per child.

On August 13, 1988, RSMo § 452.340 (Supp.1989) went into effect. This new statute provided, *inter alia*, that a former spouse's support obligation continued, if the child was attending college, until graduation or age 22, whichever occurred first.

When his son Christopher turned 21 seventeen days later, appellant ceased payment of his child support obligations according to the terms of the agreement in the decree. On December 29, 1988, respondent filed a motion for contempt based on the new law. Although an order to show cause was issued on January 3, 1989, no hearings or further proceedings were had regarding this motion.

The parties' son, Christopher, graduated from college on May 21, 1989. Shortly thereafter, on May 26, 1989, respondent filed her motion to modify the divorce decree based on RSMo § 452.340 (Supp.1989).

A pretrial conference was held on May 1, 1990, at which time the court entered an order effectively granting summary judgment to respondent regarding support of her son Christopher. Appellant appeals entry of this order.

Appellant alleges, *inter alia*, that the trial court lacked jurisdiction over Christopher at the time respondent's *motion to modify* was filed. Applying RSMo § 452.-340.5 to the instant case, the child support obligations of a non-custodial parent terminate upon college graduation or at age 22, whichever occurs first. Christopher Murphy graduated from college on May 21, 1989. At this point, the trial court's jurisdiction over Christopher's custody ceased to exist. As an emancipated child, he passed outside both the trial court's jurisdiction and the purview of the custody decree which the trial court entered.

Respondent's motion to modify the decree was filed five days later, on May 26, 1989. At that point, even if the trial court determined there were grounds to modify the decree, because the child had graduated from college prior to the filing of the motion, the effect of any such modification could not reach the child. Thus, because no relief could have been awarded as a result of the motion to modify, the cause should have been dismissed as moot. *Holland Industries, Inc. v. Division of Transp. of State of Missouri*, 763 S.W.2d 666, 667 (Mo. banc 1989).

Our Western District colleagues recently considered a case strikingly similar to this one, but a difference in filing times created a different result. In *Davis v. Helton*, 796 S.W.2d 409 (Mo.App., W.D.1990), the court had facts identical to the instant case before it, but with one all-important exception; the mother filed her motion to modify three months after the child's *twenty-first* birthday. Naturally, the new law had already intervened, extending the court's jurisdiction over the child until she reached

age twenty-two or graduated from college, whichever came first.

In the instant case, the motion to modify was filed five days after the child graduated from college. Even though the self-executing support statute had already intervened, it could not extend the trial court's jurisdiction beyond the child's graduation date. We do not attempt to evaluate respondent's or Christopher's rights to collect the disputed money, but we certainly cannot grant relief based on a mere motion to modify. Therefore, the trial court is without jurisdiction over Christopher. Because no jurisdiction exists, we need not consider the other points on appeal.

Respondent would have this court hold that her instant motion relates back to the filing of her motion for contempt on December 29, 1988. We decline to do so. Although the exact disposition of that prior motion is unclear from the record, it is evident that a hearing was never held, and the cause was not vigorously pursued. Upon these facts, we can only assume appellant's contention that the motion was dismissed is correct. Therefore, since respondent's motion for contempt and respondent's motion to modify were given separate treatment, and the prior motion appears to have been dismissed, we hold the subsequent motion cannot relate back to the first.

Contrary to a blind assertion in the statement of facts section of appellant's brief, this appeal does not encompass that portion of the trial court's judgment relating to the parties' other child, Alissa. The appeal regarding Christopher was individually certified for appeal and involves different issues. Moreover, we find no mention of Alissa in either the "point relied on" or the "argument" section of appellant's brief. Rule 84.04(d). Any appeal thought to exist regarding Alissa is, therefore, dismissed.

REINHARD, P.J., and CRANE, J., concur.