In re MARRIAGE OF Janice COPELAND and Danny Copeland.

Janice COPELAND, Petitioner/Respondent,

v.

Danny COPELAND, Respondent/Appellant.

No. 62604.

Missouri Court of Appeals, Eastern District, Southern Division.

April 13, 1993.

Michael L. Jackson, Buerkle, Beeson & Ludwig, Jackson, for appellant.

Guy H. Richardson, Poplar Bluff, for respondent.

CRANE, Judge.

Father moved for a declaration of emancipation and termination of child support for his eighteen year old child. He claimed that his child did not meet the statutory requirements of § 452.340.5 RSMo (Cum. Supp.1990), for continued support because his child was not enrolled in high school when he turned eighteen and his subsequent junior college enrollment did not follow graduation from secondary school. The trial court denied the motion. We affirm. We hold that the child's enrollment in the Adult Basic Education Program at the Cape Girardeau Area Vocational–Technical School was enrollment in a secondary school program of instruction. We further hold that the child's subsequent timely enrollment in junior college after receiving his high school equivalency certificate met the statutory requirements for timely enrollment in a vocational or higher educational institution following graduation from secondary school.

The marriage of Danny Copeland (father) and Janice Copeland (mother) was dissolved in 1975. One child, Jason Lee Copeland, was born of the marriage on November 20, 1973. As part of the dissolution, mother was awarded and has retained primary custody of Jason. Father was ordered to pay child support and one-half of Jason's medical expenses, including the cost of medical insurance.

Jason dropped out of Cape Girardeau Central High School on September 12, 1991 at the age of seventeen. At the time he dropped out, Jason was three years behind in his class work. His principal recommended that he transfer to a General Educational Development (GED) program to prepare for the high school equivalency exam.

Jason enrolled in the Adult Basic Education Program at the Cape Girardeau Area Vocational–Technical School on September 16, 1991. On his enrollment form he stated he was entering to prepare for GED tests. The Cape Girardeau Area Vocational–Technical School offers adult basic education in the Cape Girardeau area on Monday and Wednesday evenings from 6:00 p.m. to 9:00 p.m. Jason turned eighteen on November 20, 1991. Jason attended the Adult Basic Education Program through January 1992. During this period he spent 18 hours and 25 minutes at the school.

Jason applied to take the high school equivalency test in mid to late March 1992. Jason was tested on April 9, 1992 and received his Certificate of High School Equivalence on April 23, 1992.

As of June 17, 1992, Jason was registered with Three Rivers Community College in Poplar Bluff, Missouri for the fall semester of 1992. Jason testified that he intended to study business administration for two years at Three Rivers Community College and then planned to transfer to Southeast Missouri State University to pursue a chemistry degree.

Father continued to pay child support for Jason through February 20, 1992, when he learned that Jason was no longer attending adult basic education classes. On April 6, 1992 father filed a motion for declaration of emancipation and termination of child support, which the trial court heard on July 14, 1992. On August 10, 1992, the trial court found that "the child meets the qualifications of the statute and is still entitled to child support." The trial court ordered father to continue paying child support and to pay any past due support. Father appeals from this order.

Father raises one point on appeal. He contends the trial court erred in denying his motion for declaration of emancipation and termination of child support because Jason did not meet the statutory requirements for continued support under § 452.-340 RSMo (Cum.Supp.1990). Father asserts that 1) Jason was not physically or mentally incapacitated; 2) upon turning eighteen, Jason had not graduated from secondary school and was not enrolled in or attending a secondary school program of instruction; and 3) Jason's subsequent enrollment in junior college did not follow graduation from a secondary school.

Review of a trial court's ruling on motions involving child support is limited to whether the ruling is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Burch v. Burch*, 805 S.W.2d 341, 342 (Mo.App.1991). The circumstances under which child support may be terminated when the child reaches age eighteen are governed by § 452.340, which provides in pertinent part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

. . . . .

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply.

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obli-

gation past the child's eighteenth birthday.

5. If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs....

There has never been any contention that Jason was incapacitated as defined in subsection 4. Rather, the issue before the trial court and this court is whether he falls within the provisions of subsection 5.

It is undisputed that on his eighteenth birthday Jason was no longer attending Cape Girardeau Central High School, but he was enrolled in and attending the Adult Education Program at the Cape Girardeau Area Vocational–Technical School.

■ Father argues that Jason's enrollment in the adult education program is not enrollment in a "secondary school program of instruction" under the plain and ordinary meaning of § 452.340.5. He also argues that Jason's attendance at the school for 18 hours and 25 minutes over five months does not constitute "attending" within the meaning of the statute. We disagree with both of these contentions.

The statute provides that a parent's support obligation shall continue if, upon reaching age eighteen, the child is "enrolled in and attending a secondary school program of instruction." These words are given their plain and ordinary meaning. *Bollinger v. Bollinger,* 778 S.W.2d 15, 18

(Mo.App.1989). The words "secondary school program of instruction" are broad and cannot be narrowly confined to a traditional "high school." "Secondary school" is defined by Webster's Third New International Dictionary 2051 (1976), as "a school more advanced in grade than an elementary school and offering general, technical, vocational, or college-preparatory courses." In *Beeler v. Beeler,* 820 S.W.2d 657, 661 (Mo.App.1991), our Western District affirmed a termination of child support under this statute because the child "was not enrolled in any type of program to complete his education" when he turned 18.

In this case there was evidence that Jason was enrolled in a program to complete his education at the Cape Girardeau Area Vocational–Technical School. There was evidence that the instruction program was more in the nature of an individualized, directed self-study program than classroom work. When Jason was first admitted he was tested in reading, mathematics, language, social studies and natural sciences to determine his areas of weakness. He was then given assignments to improve his skills in those areas. When he felt that he had mastered an area, he was tested again and, if he passed, he proceeded to the next area. Instructors were available to answer questions and give direction. He used computer disks and workbooks. The program continued until the student was able to take and pass the GED exam.[1] This program of instruction, which assists students to obtain a high school equivalency certificate, is a "secondary school program of instruction" as that term is used in the statute.

■ The fact that Jason was at the school only a total of 18 hours and 25 minutes for this program does not mean he was not "attending" the program. As we noted above, the program was an individualized, directed self-study program without scheduled classes. Jason did attend sufficiently to pass the GED exam within a few

---

1. The GED exam consists of five tests covering the following areas: "Correctness and Effectiveness of Expression, Interpretation of Reading Materials in the Social Studies, Interpretation of Reading Materials in the Natural Sciences, Interpretation of Literary Materials and General Mathematical Ability." 5 CSR 60–100.020(3) (Aug. 27, 1992).

months. There was sufficient evidence in the record to support a finding that Jason was enrolled in and attending a secondary school program of instruction as those terms are used in the statute.

■ Father next asserts that the plain language of the second sentence of § 452.-340.5 provides that his support obligation continues only if the child enrolls in an institution of vocational or higher education not later than October 1 following graduation from secondary school. He asserts that earning a Certificate of High School Equivalence is not what the legislature intended when it used the words "graduation from a secondary school." We disagree.

The statute provides that support will continue "[i]f the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school." The phrase "following graduation from a secondary school" establishes the beginning point of the time frame during which the child must enroll in a post-secondary educational or vocational institution. It is clear that the legislature used the term "graduation from a secondary school" in the sense of describing the event which makes the student eligible for post-secondary education.

Missouri statutes provide that a Missouri resident who has not obtained a high school diploma or certificate of graduation may apply for a high school equivalency certificate to be issued by the department of elementary and secondary education as provided under rules and regulations adopted by the state board of education. Section 161.093 RSMo 1986. The department of elementary and secondary education is required to provide for examination of these applicants at least twice a year. Section 161.094 RSMo 1986. "The examination shall be designed to test the applicant's knowledge of subject matter usually presented in the courses required to be successfully completed by those graduating from the public high schools of the state." *Id.*

■ Jason was awarded a Certificate of High School Equivalence on April 23, 1992 by the department of elementary and secondary education. That certificate reads:

### JASON LEE COPELAND

having presented evidence of general educational development comparable to that of a high school graduate, is hereby certified to have the equivalent of a high school education.

The certificate is deemed to represent the equivalent of a high school education. We recognize that the tests on which it is based "do not satisfy the legal requirements for a high school diploma in Missouri." 5 CSR 60–100.020(5) (Aug. 27, 1992). The child support statute does not, however, require the child to specifically have a high school diploma, but merely requires the child to enroll in post-secondary education within a certain time after "graduation from a secondary school." The high school equivalency certificate is accepted by most colleges as meeting their entrance requirements. 5 CSR 60–100, at 6 (Aug. 27, 1992). Since continued child support is premised on subsequent enrollment in a vocational or higher education institution, we hold that receipt of a high school equivalency certificate which entitles the student to continue his or her education is encompassed in the term "graduation from a secondary school" as that term is used in § 452.340.5. The date that certificate was awarded is therefore equivalent to a date of "graduation from a secondary school" under § 452.340.5.

There was evidence that Jason was enrolled in junior college by October 1 following the date he was awarded the certificate. This evidence was sufficient to support a finding that Jason was "enrolled in an institution of higher education not later than October first following graduation from a secondary school" as set forth in § 452.340.5.

The trial court's denial of father's motion was supported by substantial evidence, was not against the weight of the evidence, and correctly applied and declared the law.

The order of the trial court denying the motion is affirmed.

SMITH, P.J., and AHRENS, J., concur.