Charles J. McClain Commissioner of Higher Education 101 Adams Street Jefferson City, MO 65101
Dear Commissioner McClain:
This opinion is in response to your questions asking:
 1. Are Missouri residents who complete their high school education in a home-school situation eligible to participate in the Academic Scholarship Program, Section 173.250, RSMo Supp. 1992?
 2. In the context of Section 173.250, RSMo Supp. 1992, does the completion of a home-school program satisfy the statutory requirement that "initial academic scholarships shall be offered in the academic year immediately following graduation from high school to Missouri high school seniors"?
 3. In the event that the Attorney General's Office determines that home-schooled students are graduating high school seniors and can participate in the Academic Scholarship Program upon graduation, what evidence must the Coordinating Board for Higher Education collect to verify that home-schooled students have completed the equivalent of high school graduation?
 4. Are Missouri residents who have obtained a certificate of high school equivalence by passing the General Educational Development (GED) examination eligible to participate in the Academic Scholarship Program, Section 173.250, RSMo Supp. 1992?
Along with your questions, you state:
 The Coordinating Board for Higher Education (CBHE) has received inquiries from two separate groups of students regarding the eligibility requirements for the Academic Scholarship Program, Section 173.250, RSMo (Supp. 1992). The two groups are students who have been home-schooled and students who have obtained a certificate of high school equivalence by passing the General Educational Development (GED) examination. . . .
Section 173.250, RSMo Supp. 1992, establishes a "Higher Education Academic Scholarship Program" (Academic Scholarship Program) to provide scholarships for Missouri citizens to attend a Missouri college or university of their choice. The eligibility requirements for a student seeking an initial academic scholarship are set forth at Section 173.250.4(1) RSMo Supp. 1992:
 (1) Initial academic scholarships shall be offered in the academic year immediately following graduation from high school to Missouri high school seniors
whose composite scores on the American College Testing Program (ACT) or the Scholastic Aptitude Test (SAT) of the College Board are in the top three percent of all Missouri students taking those tests during the school year in which the scholarship recipients graduate from high school. . . [Emphasis added.]
Section 173.250 does not define the terms "graduation from high school," "high school seniors," or "graduate from high school." Section 173.250.2, RSMo Supp. 1992, states that the definitions of the terms set forth in Section 173.205, RSMo, are to be applied to the terms used in Section 173.250. However, Section 173.205, RSMo 1886, does not contain any definition for "high school," "graduation from high school," "high school seniors," or "graduate from high school."
Section 160.011, RSMo Supp. 1992, provides in part:
 160.011. Definitions, certain chapters. — As used in chapters 160, 161, 162, 163, 164, 165, 167, 168, 170, 171, 177 and 178, RSMo, the following terms mean:
* * *
 (3) "High school", a public school giving instruction in two or more grades not lower than the ninth nor higher than the twelfth grade;
* * *
 (6) "Public school" includes all elementary and high schools operated at public expense;
* * *
The introductory phrase to Section 160.011 lists the chapters to which the definitions in such section are applicable. Chapter 173, RSMo, containing the sections relating to the Academic Scholarship Program, is not one the chapter enumerated in the introductory phrase. Furthermore, the courts have held that a restricted definition of a term in a general act does not necessarily control the meaning of the term as used in a subsequent special act. See State v. Schwartzmann Service,40 S.W.2d 479, 481 (Mo.App. 1931). Therefore, we conclude the definitions in Section 160.011 are not controlling as to the meaning of terms used in Section 173.250.
Section 167.031, RSMo Supp. 1992, provides in part in subsection 1 that: "A parent, guardian or other person in this state having charge, control, or custody of a child between the ages of seven and sixteen years of age shall cause the child to attend regularly some public, private, parochial, parish, or home school not less than the entire school term of the school which the child attends; except that . . . ." The exceptions are not applicable to your inquiry. Subsequent subsections of Section 167.031 discuss home schooling:
 2. (1) As used in sections 167.031 to 167.071, a "home school" is a school, whether incorporated or unincorporated, that:
 (a) Has as its primary purpose the provision of private or religious-based instruction;
 (b) Enrolls pupils between the ages of seven and sixteen years, of which no more than four are unrelated by affinity or consanguinity to the third degree; and
 (c) Does not charge or receive consideration in the form of tuition, fees, or other remuneration in a genuine and fair exchange for provision of instruction.
 (2) As evidence that a child is receiving regular instruction, the parent shall:
(a) Maintain the following records:
 a. A plan book, diary, or other written record indicating subjects taught and activities engaged in; and b. A portfolio of samples of the child's academic work; and c. A record of evaluations of the child's academic progress; or d. Other written, or credible evidence equivalent to subparagraphs a., b. and c.; and
 (b) Offer at least one thousand hours of instruction, at least six hundred hours of which will be in reading, language arts, mathematics, social studies and science or academic courses that are related to the aforementioned subject areas and consonant with the pupil's age and ability. At least four hundred of the six hundred hours shall occur at the regular home school location.
* * *
 5. The production by a parent of a daily log showing that a home school has a course of instruction which satisfies the requirements of this section shall be a defense to any prosecution under this section and to any charge or action for educational neglect brought pursuant to chapter 210, RSMo.
Sections 161.093 and 161.094, RSMo 1986, discuss the Missouri high school equivalency certificate. Such sections provide:
 161.093. High school equivalency certificate may be issued by state board, when. — Any person who has not obtained a high school diploma or certificate of graduation and who is a resident of Missouri or who lives on a federal reservation within Missouri or who is a member of the armed forces of the United States stationed in Missouri may become an applicant for a high school equivalency certificate to be issued by the department of elementary and secondary education as provided under rules and regulations adopted by the state board of education.
 161.094. Examinations for high school equivalency certificate, what tests acceptable. — The department of elementary and secondary education shall provide for examination of such applicants at least twice each year at places reasonably convenient for the applicants. The examination shall be designed to test the applicant's knowledge of subject matter usually presented in the courses required to be successfully completed by those graduating from the public high schools of the state. The certificate of equivalence may also be issued on the basis of test scores certified to the state board of education by the United States Armed Forces Institute, or a similar agency approved by the state board of education.
Statutory construction must always seek to find and further the intent of the legislature. Centerre Bank of Crane v.Director of Revenue, 744 S.W.2d 754, 759 (Mo. banc 1988). The apparent intent of the Academic Scholarship Program is to provide scholarships to the brightest Missouri students to assist them in attending the Missouri college or university of their choice. To qualify for such scholarship, the student must score on the ACT or the SAT in the top three percent of all Missouri students taking those tests. The issue you pose is whether a student who is able to score in the top three percent should be precluded from receiving such scholarship because such student was home-schooled or received a certificate of high school equivalency. Denying students who are bright enough to score in the top three percent on the ACT or the SAT such scholarship because such students were home-schooled or received certificates of high school equivalency appears inconsistent with the apparent intent of the Academic Scholarship Program.
In re Marriage of Copeland, 850 S.W.2d 422 (Mo.App. E.D. 1993) considered a certificate of high school equivalency in the context of termination of child support pursuant to Section452.340, RSMo (Cum. Supp. 1990). The court stated:
 Father moved for a declaration of emancipation and termination of child support for his eighteen year old child. He claimed that his child did not meet the statutory requirements of § 452.340.5 RSMo (Cum. Supp. 1990), for continued support because his child was not enrolled in high school when he turned eighteen and his subsequent junior college enrollment did not follow graduation from secondary school. The trial court denied the motion. We affirm. We hold that the child's enrollment in the Adult Basic Education Program at the Cape Girardeau Area Vocation-Technical School was enrollment in a secondary school program of instruction. We further hold that the child's subsequent timely enrollment in junior college after receiving his high school equivalency certificate met the statutory requirements for timely enrollment in a vocational or higher educational institution following graduation from secondary school.
[Emphasis added.]
In addressing the high school equivalency certificate as it relates to the term "graduation from a secondary school," the court stated:
 [W]e hold that receipt of a high school equivalency certificate which entitles the student to continue his or her education is encompassed in the term "graduation from a secondary school" as that term is used in § 452.340.5. The date that certificate was awarded is therefore equivalent to a date of "graduation from a secondary school" under § 452.340.5.
Id. at 426.
Turning to your specific questions, your first question asks if Missouri residents who complete their high school education in a home-schooled situation are eligible to participate in the Academic Scholarship Program. We conclude such students are eligible to participate in the Academic Scholarship Program. If a home-schooled student is able to score in the top three percent of all Missouri student taking the ACT or the SAT, the student is apparently among the brightest Missouri students who the Academic Scholarship Program is designed to assist. Denying such student a scholarship solely because the student was home-schooled would be inconsistent with the apparent purpose of the statute.
You further inquire about the timing of the award of scholarships to home-schooled students since the scholarships are to be awarded in the academic year immediately following graduation from high school. Section 167.031 provides for the parent to maintain written records indicating the subjects taught and activities engaged in by a home-schooled student. Such written records should provide guidance on when such student is receiving instruction at the high school senior level.
Your final question concerns students who obtain a high school equivalency certificate. We conclude such students are eligible to participate in the Academic Scholarship Program. If a student who obtains a high school equivalency certificate is able to score in the top three percent of all Missouri students taking the ACT or the SAT, the student is apparently among the brightest Missouri students who the Academic Scholarship Program is designed to assist. Denying such student a scholarship solely because the student received a high school equivalency certificate would be inconsistent with the apparent purpose of the statute. Furthermore, In re Marriage of Copeland, supra,
held receipt of a high school equivalency certificate was encompassed in the term "graduation from a secondary school."
With regard to the timing of the award of scholarships to students who receive a certificate of high school equivalency,In re Marriage of Copeland, supra, stated the date the certificate is awarded is equivalent to the date of "graduation from a secondary school." Since Section 173.250.4(1) provides initial academic scholarships are to be offered in the academic year immediately following graduation from high school, the date the certificate is awarded is to be considered the date of "graduation from high school." Section 173.250.4(1) further requires the scholarships to be awarded "to Missouri high school seniors." This requirement must still be met even if the student receives a certificate of high school equivalency and may preclude many who receive a certificate of high school equivalency from being eligible for receipt of a scholarship. However, because the student receives a certificate of high school equivalency does not preclude the student from receiving a scholarship under the Academic Scholarship Program.
Furthermore, to interpret Section 173.250.4(1) to preclude students who are home-schooled and students who receive a certificate of high school equivalency from participating in the Academic Scholarship Program would raise the constitutional issue of whether such students would be denied "equal protection" as guaranteed by the constitution. See Plyler v.Doe, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982). When the words used in a statute permit a reasonable construction consistent with the obvious legislative intent and within constitutional limitations, a construction leading to invalidity should be avoided. City of Kirkwood v. Allen, 399 S.W.2d 30,36 (Mo. banc 1966). See also Lederer v. State, Department ofSocial Services, Division of Aging, 825 S.W.2d 858, 863
(Mo.App. 1992).
CONCLUSION
It is the opinion of this office that students who are home-schooled under Section 167.031, RSMo Supp. 1992, and students who receive a certificate of high school equivalency under Sections 161.093 and 161.094, RSMo 1986, are not precluded from receiving a scholarship under the Higher Education Academic Scholarship Program authorized by Section 173.250, RSMo Supp. 1992.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General