**Nina Marie RUSSELL, Respondent,**

v.

**Richard Charles RUSSELL, Appellant.**

**No. WD 52725.**

Missouri Court of Appeals, Western District.

April 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1997.

Application to Transfer Denied Aug. 19, 1997.

---

3.   The trial court did order Lofgren to pay all the    court costs of this action.

Victor S. Scott, Jefferson City, for appellant.

Janet Garrett, Independence, for respondent.

Before HANNA, P.J., and ELLIS and BRECKENRIDGE, JJ.

HANNA, Presiding Judge.

Mr. Richard Russell appeals from the trial court's denial of his motion to terminate child support. The sole issue on appeal is whether the enrollment of his son, Jonathan, in a correspondence course designed to allow the person to obtain a high school diploma by self-directed study, is statutorily sufficient under § 452.340.5, RSMo 1994, to obligate the father to continue child support until his son completes such program or attains the age of twenty-one.

Before they divorced in 1980, Richard and Nina Russell had two children, Michael and Jonathan. On December 11, 1995, Richard filed a motion to modify his child support order, alleging that both Michael, who was nineteen, and Jonathan, who was eighteen, were emancipated. The parties stipulated that Michael was not emancipated. They did not agree about Jonathan's educational status.

The evidence showed that Jonathan dropped out of high school during his freshman year at the age of sixteen. Thereafter, he made minimal efforts to seek employment and, according to his mother, did "pretty much nothing." While Jonathan has a learning disability, he testified that his disability did not affect his decision to drop out. Instead, Jonathan attributed his decision to leave school to simply hanging out with the wrong crowd. He further testified that it was too much trouble to go back to high school.

Three months prior to his eighteenth birthday, which was two years after dropping out of high school, Jonathan enrolled in the International Correspondence Schools, which is a home-study program. There are fifteen courses in the program. Jonathan studies one course at a time. At the time of the hearing, he was working on his third course.

The trial court found that Jonathan had been enrolled in a home-study course prior to his eighteenth birthday and held that this satisfied the requirements of § 452.340.5, RSMo 1994. Therefore, the court ordered the continuation of child support for Jonathan.

The father argues that Jonathan is not entitled to child support because he is eighteen years old and is not attending a secondary school program of instruction. Because § 452.340.5, RSMo 1994, requires the child to be both enrolled in and attending the program, the father contends that Jonathan does not meet the statutory exception for continued child support.

The mother argues that the legislature intended for the statute to be interpreted broadly and that the courts have interpreted "secondary school program of instruction" to include GED and home-study programs. Therefore, the word "attending" likewise should be interpreted broadly to mean "to apply the mind to, to direct the attention to, and to apply oneself." The mother contends that Jonathan is attending the program because he is applying his mind to and himself to the study of the course materials.

The standard of review of a trial court's ruling on a motion involving child support is well settled. The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Leone v. Leone,* 917 S.W.2d 608, 611 (Mo.App.1996).

In relevant part, § 452.340 provides that "[u]nless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make support payments shall terminate when the child: ... (5)[r]eaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply." Section 452.340.3, RSMo 1994. Subsection 5 then states "[i]f when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs...." Section 452.340.5, RSMo 1994.

This court has previously held that the legislature intended for courts to apply § 452.340.5 broadly. *Thompson v. Dalton,* 914 S.W.2d 811, 813 (Mo.App.1995). The question is whether Jonathan's home-study program amounts to being "enrolled in and attending a secondary school program of instruction." We find that the facts here are not sufficient to satisfy the statute.

The mother relies on both *Thompson v. Dalton,* 914 S.W.2d 811 (Mo.App.1995), and *In re Marriage of Copeland,* 850 S.W.2d 422 (Mo.App.1993), for her argument that Jonathan's home-study is similar to the programs in those cases and therefore meets the requirements of § 452.340.5, RSMo 1994. However, both of these cases are distinguishable from the present situation. In *Dalton,* the son dropped out of high school before his eighteenth birthday because of a learning disability. *Dalton,* 914 S.W.2d at 813. However, he enrolled in a GED program which included both self-study and an examination. All of the class material was purchased, and the evidence showed that he was actively studying the course material. He took the examination before his eighteenth birthday, and when he did not pass, he re-entered the

GED program before his eighteenth birthday and signed up to take the examination again. He also enrolled in a two-year aviation mechanics course at a junior college five days after his eighteenth birthday. Important to the court's decision was that the son's learning disability was a substantial contributing factor to his inability to complete his education in the traditional high school program, his immediate efforts to obtain his high school diploma through a GED program, and his persistent pursuit of that goal. Therefore, we held that there was substantial evidence from which the trial court could find that the son made a good faith effort to continue his education in compliance with the legislative intent set forth in § 452.340.5.

Similarly, in *Copeland,* the son was no longer attending high school on his eighteenth birthday but was enrolled in and attending the Adult Basic Education Program at the Cape Girardeau Area Vocational–Technical School. *Copeland,* 850 S.W.2d at 425. The father argued that his son was not enrolled in a secondary school program of instruction under § 452.340.5 and further that his attendance for eighteen hours and twenty-five minutes over five months did not constitute "attending" within the meaning of the statute. However, at the recommendation of his high school principal, the son had enrolled in the Adult Basic Education Program just four days after he dropped out of high school, when he was seventeen. He passed the high school equivalency test the first time he took it, approximately eight months after he started the program. The son also had registered at a community college for the following fall, and he testified that he intended to complete his two years there and then transfer to a four year college. *Id.* at 424.

While the study program in *Copeland* was more in the nature of an individualized, directed self-study program, the court found that it fell within the definition of a "secondary school program of instruction" within the statute. *Id.* at 425. Further the court stated that "[t]he fact that [he] was at the school only a total of 18 hours and 25 minutes for this program does not mean he was not 'attending' the program.... [He] did attend

sufficiently to pass the GED exam within a few months." *Id.* at 425–26. While the son's attendance at the program only amounted to eighteen hours and twenty-five minutes, it was sufficient to meet the requirements of the statute when combined with his intent and good faith efforts to continue his education. The court found that there was sufficient evidence to show that the son was enrolled in and attending a secondary school program of instruction and that therefore the son was entitled to continued child support under the statute. *Id.* at 426.

In the present case, Jonathan testified that he dropped out of high school at the age of sixteen because he was hanging out with the wrong crowd. He said that his learning disability was not a factor in his decision and further testified that it was too much trouble to go back to high school. He did not pursue any educational endeavors for over two years. He enrolled in a GED program just three months prior to his eighteenth birthday. We are supplied minimal information about the program. It had no scheduled or formal classes. The curriculum was not shown, and there was no evidence of any expectations or requirements of the student. Jonathan was taking only one course at a time and was only on his third of fifteen courses at the time of the hearing. Such conduct, in the absence of any explanation, casts doubt on the seriousness and good faith efforts by Jonathan to continue his education. The evidence fails to show that Jonathan's educational endeavors comply with § 452.340.5, RSMo 1994.

The judgment of the circuit court is reversed, and this case is remanded with directions to terminate the child support obligations for Jonathan.

BRECKENRIDGE and ELLIS, JJ., concur.