Ronda G. **KREUTZER**, Respondent,

v.

Curtis S. **KREUTZER**, Deceased Respondent,

and

**Rachel Kreutzer, Appellant.**

No. 26010.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 29, 2004.

William J. Lasley, Flanigan, Lasley & Moore, L.L.P., Carthage, for appellant.

Keith J. Pennick, Crandall & Podelski, P.C., Carthage, for respondent.

ROBERT S. BARNEY, Judge.

On October 30, 1999, Respondent Gail Kreutzer's ("Mother") marriage to Curtis Kreutzer ("Father") was dissolved. The dissolution judgment ordered, *inter alia,* that Mother pay child support in the amount of $294.00 per month to Father because he was granted primary custody of the two children born of the marriage, one of which was Appellant Rachel Kreutzer ("Daughter"), born November 12, 1984.[1]

After Father died on May 21, 2003, Mother sought and obtained a judgment terminating her child support obligation based on Father's death.[2] No notice was given Daughter of the proceedings.[3] Daughter filed a motion to set aside the trial court's judgment terminating child support. In her motion, Daughter alleged due process irregularities and also maintained the trial court employed an "unrecognized and illegal basis" for the termination of child support which was not permitted by certain provisions of section 452.340.[4] Thereafter, Daughter filed a separate motion to amend the or-

---

1. Mother continued to pay this same amount of child support even after the other child, Russell Kreutzer ("Son"), was emancipated. Son is not a party to this matter. Where, as here, "the monthly child support has been ordered to be paid for more than one child as a lump sum, 'the obligor owes that amount until all the children are emancipated and cannot reduce the amount owed pro rata as the children reach majority without the prior approval of the court.'" *Lyons v. Sloop,* 40 S.W.3d 1, 8 (Mo.App.2001) (quoting *Ogden v. Henry,* 872 S.W.2d 608, 611 (Mo.App.1994)). Mother did not file a motion to reduce her child support obligation following Son's emancipation; therefore, her "obligation to continue paying the full amount rests on whether [Daughter] was entitled to continued support under § 452.340.5." *Id.*

2. As her reason for requesting termination of child support, Mother set out in her affidavit filed with the trial court that, "[s]pouse receiving support has deceased." The trial court entered an ex parte order of termination on May 29, 2003.

3. It was not until early August of 2003 that Daughter discovered she was no longer receiving child support from Mother. In the interim, Mother notified Daughter via letter that "custody reverted to her, that [Daughter] was to move back over there [with Mother], and that she was going to claim [Daughter] as a dependent, even though [Daughter] was going to have to pay [her] own car insurance, health insurance, [her] own expenses." In this letter, Mother did not advise Daughter she had terminated her child support.

4. Statutory references are to RSMo 2000, unless otherwise set out. Rule references are to Missouri Court Rules (2003).

der and judgment of child support and requested that Mother be required to make child support payments directly to Daughter as permitted by section 452.340.5, based on the fact that she was enrolled as a full time student in a college of higher education. Additionally, Daughter sought, and was permitted, formal intervention in these proceedings. *See* Rule 52.12.

A hearing was held on these motions on November 6, 2003.[5] Daughter provided the only testimony at the hearing. Daughter testified there was "deep-seated animosity" between herself and Mother which stemmed from the divorce in 1999. Daughter stated that she has had minimal contact with Mother since Father's death, except that Mother has sent her several e-mails asking her to move in with her and requesting that she drop the litigation.

Additionally, the parties stipulated that Mother was aware Daughter was duly enrolled in college prior to the October deadline as set out in section 452.340.5

No oral ruling was made on the record at the time of the hearing. Instead, the trial court made handwritten notations in the docket sheet specifically responding to Daughter's requests for findings of fact and conclusions of law. The trial court found Mother's "affidavit and motion" "filed May 28, 2003," did in fact "set forth [a] legally recognized basis for termination of child support" and, in support of its finding, the trial court noted, "Custodial parent died, custody reverts to surviving parent, absent 3rd party litigation—court jurisdiction ceases; *Leventhal v. Leventhal,* 629 S.W.2d 505 (Mo.App.1981); *Schumacher v. Schumacher,* 223 S.W.2d 841 (Mo.App.1949); *In re Cole* 274 S.W.2d 601."

In response to Daughter's question of "[w]as there any basis pursuant to RSMo. Section 452.340.11 and RSMo. Section 452.340.12 to terminate [Daughter's] child support? If so, what?", the trial court set out, "case law only, as cited … and the word 'Other' on the form provided to the Cir. Clerk's office by OSCA pursuant to subsection 12 of 452.335 RSMo."

When asked for a finding by Daughter as to "[w]hat is the statutory or case law authority which eliminates the non custodial parent's obligation to pay child support for an eighteen year old child who is enrolled in college, merely because the custodial parent dies[,]" the trial court also set out:

> see previously cited cases—although no case in point, 18 and college, it appears to be common sense application of case law and the lack of statutory scheme to address the obvious legal questions that would arise—if any support obligation would exist, it would be under common law for such an 18 year old.

However, the trial court did agree during that hearing that "[w]hen the custodial parent of an eighteen year old, who still requires support for her living and educational expenses, dies," "that eighteen year old [can] legally decide that she does not wish to reside with the non custodial parent."

Nevertheless, the trial court denied Daughter's motion to set aside the judgment terminating Mother's child support obligation, and "denied [all remaining motions, setting out] the court lack[ed] jurisdiction to take such motions."

This appeal by Daughter followed.

---

**5.** We note the hearing in this matter was held a week prior to Daughter's nineteenth birth- day.

In her sole point relied on, Daughter first maintains the trial court erred in denying her motion to set aside the judgment terminating her child support because the trial court's reason for termination, namely that Father was deceased, was not a valid reason for terminating child support under section 452.340 and that her compliance with section 452.340.5 was undisputed. Accordingly, she asserts that under the statute she was entitled to continue receiving parental support from Mother. Second, Daughter posits she was given no notice of Mother's action to terminate her child support obligation. Therefore, Daughter contends she was deprived of her constitutional right to due process of law because she was deprived of life, liberty, or property without due process of law.

■ The standard of review in this court-tried case provides that the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Smith v. White,* 114 S.W.3d 407, 412 (Mo.App.2003); *Mandel v. Eagleton,* 90 S.W.3d 527, 530 (Mo.App. 2002); *see (Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).[6]

We are aware that " '[p]rior to the dissolution act, Missouri courts derived their jurisdiction over divorce proceedings from the divorce action itself.' " *In re Marriage of Carter,* 794 S.W.2d 321, 322 (Mo.App. 1990) (quoting *Schumacher v. Schumacher,* 223 S.W.2d 841, 845 (Mo.App.1949)). Accordingly, the death of either spouse

abated the jurisdiction of the court to proceed. *See Carter,* 794 S.W.2d at 322; *see also Leventhal v. Leventhal,* 629 S.W.2d 505, 507 (Mo.App.1981).

In 1988 the General Assembly added subsections 3 through 6 to Section 452.340. *In re Marriage of D.R.S.,* 817 S.W.2d 615, 619 (Mo.App.1991). *See also Murphy v. Murphy,* 819 S.W.2d 386, 387 (Mo.App. 1991) (holding "[t]his new statute provided, *inter alia,* a former spouse's support obligation continued, if the child was attending college, until graduation or age 22, whichever occurred first.").

■ Section 452.340.3 sets out six grounds upon which a trial court's termination of child support may be premised. It provides:

Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

(1) Dies;

(2) Marries;

(3) Enters active duty in the military;

(4) Becomes self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent;

(5) Reaches age eighteen, *unless the provisions of subsection 4 or 5 of this section apply;* or

(6) Reaches age twenty-two, unless the provisions of the child support order specifically extend the parental support

---

**6.** We note that "[a] judgment on the merits entered without notice to the parties can clearly be set aside as irregular and voidable, if not inherently void, under Rule 74.06(b)(3) and (4)." *Clark v. Clark,* 926 S.W.2d 123, 128 (Mo.App.1996). However, that is not the situation here. Given the particular circum-

stances of this case, Daughter's contention that her due process rights were violated essentially became moot after she was permitted to participate in the evidentiary hearing in which she propounded her causes of action and was otherwise given her day in court.

order past the child's twenty-second birthday for reasons provided by subsection 4 of this section.

§ 452.340.3 (emphasis added).

By legislative mandate, child support may now be terminated when a child reaches the age of eighteen. *Bright v. Bright,* 989 S.W.2d 196, 200 (Mo.App. 1999). However, as referenced in section 452.340.3(5), section 452.340.5 provides for the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice requirements are met. *See Scott v. Clanton,* 113 S.W.3d 207, 213 (Mo.App.2003).

Section 452.340.5 provides, in pertinent part:

> To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.... A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

Section 452.340.5 further provides that "[i]f the child is enrolled in such an institution,

the child or parent obligated to pay support may petition the court to amend the order to direct the obligated parent to make the payments directly to the child." *See Mason v. Mason,* 873 S.W.2d 631, 637 (Mo.App.1994).

Here, the trial court based its decision chiefly on the premise that "custody shifts to the surviving parent [Mother], and the duty of support then is with [Mother], if any, under common law but no longer under the divorce petition." [7]

It is our view, however, this is not an issue of child custody as found by the trial court and argued by Mother. Rather, the issue revolves around the applicability of section 452.340.5 as maintained by Daughter.

In its order, the trial court found the applicability of section 452.340.5 to be "an abatement issue, not relevant to this determination." To the extent the trial court found that section 452.340.5 was not relevant to determining Mother's obligation to pay child support under the dissolution decree, the court misinterpreted and misapplied current law. *See Murphy v. Carron,* 536 S.W.2d at 32.

As previously set out, section 452.340.3 sets out the circumstances upon which child support may be terminated. *Porath v. McVey,* 884 S.W.2d 692, 694 (Mo.App. 1994). We find there was no evidence that any of the listed reasons stated in section 452.340.3 are applicable to Daughter. There was no evidence that Daughter is deceased; that Daughter is married; that Daughter is in the military; or, that Daughter is self-supporting. However, Daughter *is* enrolled as a college student and is well within the provisions of section

7. " 'The voluntary statement by the circuit court of the grounds for its decision certainly may be considered ... in determining whether the circuit court misapplied the law.' "

*Young v. Young,* 14 S.W.3d 261, 263 (Mo.App. 2000) (quoting *In the Interest of L.W.F.,* 818 S.W.2d 727, 733 (Mo.App.1991)).

452.340.5, as stipulated by the parties in this matter. Further, as such, Daughter is granted the authority under the statute to petition Mother to have Mother's obligatory child support payments made directly to her. *See* § 452.340.5. "Any obligation that [Mother] had to continue to make child support payments to [Daughter] subsequent to [her] eighteenth birthday[ ] had to derive from § 452.340.5." *Lyons,* 40 S.W.3d at 8.

> The General Assembly obviously intended that children of dissolved marriages who desire to obtain education beyond high school and who manifest that desire by commencing the educational process as required by section 452.340 shall continue to receive the benefit of financial support from their parents as determined by the appropriate court.

*Braun v. Lied,* 851 S.W.2d 93, 96 (Mo.App. 1993). Further, it has previously been held that the legislature intended for courts to apply section 452.340.5 broadly. *Russell v. Russell,* 949 S.W.2d 87, 89 (Mo. App.1997); *Thompson v. Dalton,* 914 S.W.2d 811, 813 (Mo.App.1995). Indeed, in *Harris v. Williams,* the Eastern District of our Court held that "Missouri courts have liberally construed the provisions of Section 452.340.5 to be consistent with the public policy interest of encouraging children to pursue higher education." *Harris v. Williams,* 72 S.W.3d 621, 624 (Mo.App.2002).

■ As noted by Daughter's counsel at the hearing, in a normal situation "the child would go back to live with [Mother] and derive support from [her]." Here, the animosity between Mother and Daughter inhibits such a result, however, that does not absolve Mother of her obligation to pay child support. At the time of the trial court's ruling which terminated Mother's child support obligation, Daughter clearly was not emancipated under the guidelines established in section 452.340. *See Rich v. Rich,* 871 S.W.2d 618, 625 (Mo.App.1994). The Missouri legislature has seen fit to carve out an exception in section 452.340 to provide for the continuation of child support in such a situation. Given the circumstances of this case, and the plain words of the pertinent statutes under consideration, there continues to be an obligation on the part of Mother to support Daughter during the period of time that Daughter is in compliance with section 452.340.5. *See Bright,* 989 S.W.2d at 199. Under the plain reading of the statute, there is no exception which provides for the termination of child support upon the death of a custodial parent.[8] "[A] parent has no fundamental right to avoid providing support for his or her children past age eighteen." *In re Marriage of Kohring,* 999 S.W.2d 228, 232 (Mo. banc 1999). Indeed, the state has a legitimate interest in protecting the children of a marriage that is dissolved. *Id.* at 233.

Accordingly, we find that the trial court abused its discretion and misapplied the law in denying Daughter's motion to set aside the judgment terminating Mother's child support obligation. *Murphy v. Carron,* 536 S.W.2d at 32. Therefore, this matter is reversed and remanded with directions to the trial court to set aside its previous judgment terminating child support payments and reinstate Mother's child support obligation. Further, it is

---

**8.** Also, "Section 452.340.5 does not require a child attending college to live in the same dwelling with the custodial parent in order for the noncustodial parent's support obligation to continue past the child's eighteenth birthday." *Braun,* 851 S.W.2d at 95; *see* *Balogh v. Humel,* 834 S.W.2d 257, 259 (Mo. App.1992) (holding a child's attendance at college away from home does not constitute a relinquishment of custody by the custodial parent).

ordered that due to Father's death, Mother shall make her child support payments directly to Daughter, as specified in section 452.340.5.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

SHRUM, J., and BATES, C.J., concur.