**STATE of Missouri ex rel. Sidney WILLENS, Relator,**

**v.**

**The Honorable Jon R. GRAY, Judge of the Circuit Court of Jackson County, Missouri Division 18, Respondent.**

No. WD 40548.

Missouri Court of Appeals, Western District.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

Application to Transfer Denied Oct. 18, 1988.

---

Terence J. Thum, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for relator.

Larry Delano Coleman, Kansas City, for respondent.

### ORIGINAL PROCEEDING IN PROHIBITION

Before SHANGLER, P.J., and TURNAGE and NUGENT, JJ.

TURNAGE, Judge.

Sidney Willens seeks a writ of prohibition to prohibit the Honorable Jon R. Gray, Judge of the Circuit Court of Jackson County, from proceeding further with a suit brought by Joseph Baker against Willens. A preliminary order in prohibition was issued, and that order is now made absolute.

The facts are not in dispute. On December 28, 1982, Baker filed suit against Willens alleging that he had hired Willens as an attorney to bring an action against a sergeant in the Kansas City Police Department. The petition alleged that Willens permitted the statute of limitations to run before suit was filed and sought damages for this lapse. Interrogatories were propounded to Baker, and when such interrogatories were not answered, Willens filed a motion in June of 1983 for an order compelling answers to be filed. On July 11, 1983, the court granted Baker ten days within which to answer the interrogatories and stated that a failure to answer would result in appropriate court-imposed sanctions.

On August 1, 1983, Willens filed a motion stating that the interrogatories had not been answered and requested that the petition be dismissed as a sanction for failure to answer. On August 9, 1983, the court ordered the case dismissed but did not specify whether the dismissal was with or without prejudice. On August 29, 1983, Baker filed a motion to set aside the dismissal which was denied two days later. Baker had notice of the motions filed and of the action taken by the court.

Baker filed a second suit against Willens on August 17, 1987, for the same cause of action stated in the suit filed in December of 1982. Willens filed an answer and filed a motion to dismiss on the ground that the second suit was barred by the doctrine of res judicata. Judge Gray overruled the motion to dismiss and held that the later suit was not barred by res judicata because there had not been an adjudication on the merits of the cause of action since the first suit had been dismissed without a hearing or trial. Thereafter, Willens filed his petition for writ of prohibition in this court.

The parties disagree on whether or not the dismissal of the first suit was ordered after Baker had notice and an opportunity to be heard and whether or not the dismissal constituted an adjudication on the merits.

■ Rule 67.03 provides that any involuntary dismissal other than in circumstances not applicable here is with prejudice unless the court in its order shall specify otherwise. Since the order of dismissal in August 1983 did not specify otherwise it was with prejudice. Rule 67.03 further provides that after a dismissal with prejudice the same cause of action or claim may not be asserted against the same party.

However, the application of this bar is tempered by the holding in *Bindley v. Metropolitan Life Insurance Co.*, 358 Mo. 31, 213 S.W.2d 387, 391[8] (1948), that an involuntary dismissal can only be made with prejudice if there is notice and an opportunity to be heard before the dismissal is made.[1] *See Laubinger v. Missouri State Highway Commission*, 726 S.W.2d 355, 356[1] (Mo.App.1987). *Bindley* held that due process requires notice and an opportunity to be heard before an action may be dismissed with prejudice.

■ Baker contends that the dismissal of the first suit was ordered without giving Baker notice that his suit would be dismissed and without giving him an opportunity to be heard. Baker also contends that the order made on July 11, in which he was granted ten days to answer the interrogatories, simply stated that the failure to do so would result in appropriate court-imposed sanctions. Baker argues that this did not give him notice that his petition would be dismissed. This contention overlooks the fact that the motion for sanctions filed on August 1 requested the court to impose sanctions by dismissing the action. Dismissal is one of the sanctions provided by Rule 61.01(b)(1) for failure to answer interrogatories. Thus, Baker was placed on notice on August 1 that the sanction of dismissal of his petition was being sought. On August 9 the court dismissed his cause of action. Clearly, Baker had notice and opportunity to be heard before his suit was dismissed. If that was not sufficient, Baker filed a motion to set aside the dismissal before the judgment of dismissal became final and gave reasons for failure to comply with the court's order requiring that he answer the interrogatories. Thus, Baker had two opportunities to be heard prior to the dismissal of his suit becoming final. After his motion to set aside the dismissal was overruled, Baker took no further action and the dismissal became final.

It is clear from the undisputed facts that Baker had notice that dismissal of his suit was being sought as a sanction for the failure to answer interrogatories. This was from the motion filed as well as his constructive notice from the fact that Rule 61.01(b)(1) authorizes dismissal as a sanction for failure to answer. Baker had an opportunity to respond to the motion to dismiss but failed to do so. Under the admitted facts, Baker had notice and opportunity to be heard before his suit was dismissed in 1983.

■ The parties disagree over whether or not the 1987 suit is barred by principles of res judicata because the first suit was not terminated after an adjudication on the merits. This question was settled by an amendment to Rule 67.03 following the decision in *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970). At the time *Denny* was decided, Rule 67.03 provided that a dismissal with prejudice operates as an adjudication upon the merits. In *Denny*, the court held that a dismissal with prejudice did not operate as an adjudication on the merits but that in reality the rule served only as a mechanism to terminate litigation. *Id.* at 119[4]. Following *Denny*, Rule 67.03 was amended, effective September 1, 1973, to provide that a dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Thus, the subsequent suit is barred by the provisions of the rule and not by application of res judicata. It is therefore not necessary to consider the older cases that discuss the bar of a subsequent suit by application of the doctrine of res judicata.

Under Rule 67.03, the dismissal of the suit in 1983 was with prejudice, and the 1987 suit against the same party for the same cause of action is barred by the plain language of that rule. The preliminary order in prohibition is made absolute.

All concur.

---

1. There are certain exceptions stated which are    not applicable here.