**James BURRIS and Debbie Burris, Plaintiffs/Appellants,**

v.

**TERMINAL RAILROAD ASS'N., ACF Industries, and Monsanto Company (Third Party Defendant), Defendants/Respondents.**

No. 60505.

Missouri Court of Appeals, Eastern District, Division One.

July 21, 1992.

Application to Transfer Denied Sept. 22, 1992.

Michael A. Gross, St. Louis, for plaintiffs/appellants.

Robert C. Ely, St. Louis, for defendant/respondent Terminal R.R. Ass'n.

Scott C. Harber, Clayton, for defendant/respondent ACF Industries, Inc.

REINHARD, Presiding Judge.

Plaintiffs appeal from an order denying their motion for relief from a final judgment under Rule 74.06. Plaintiffs had sought to vacate an order dismissing their claim with prejudice for failure to comply with court-mandated discovery on the grounds that the order was irregular and their non-compliance with discovery was the result of excusable neglect. We affirm.

The record shows that plaintiff James Burris filed a personal injury action arising from injuries which he alleged occurred May 18, 1988 in the course of his employment as a watchman for defendant Terminal Railroad Association (TRA). Burris claimed he was injured when struck by a "journal box lid" which had dislodged from a rail car manufactured by defendant ACF Industries (ACF) and leased by defendant/third-party defendant Monsanto Chemical Company (Monsanto). His claim against TRA was based on the Federal

Employers' Liability Act, 45 U.S.C. § 51. His actions against Monsanto and ACF were brought under a theory of negligence. His wife, Debbie, joined a claim for loss of consortium against ACF and Monsanto.

Neither ACF or Monsanto were defendants in plaintiffs' first petition of November 11, 1988. ACF was made a party on December 6, 1989, and brought in Monsanto as a third-party defendant on March 29, 1991. Plaintiffs subsequently named Monsanto a defendant in their "Sixth Amended Petition" of July 11, 1990.[1]

Once a party, Monsanto attempted to engage in discovery but found plaintiffs to be uncooperative. On October 9, 1990, Monsanto and the other defendants filed a "Joint Motion for Sanctions Against Plaintiffs and their Attorney," citing a failure to make discovery. The motion complained: (1) that plaintiffs had failed to provide Monsanto with a copy of their deposition of Thomas Fitzgerald, Ph.D., which had been taken prior to Monsanto being made a party; (2) that James Burris failed to complete a psychological exam ordered by the court on September 17, 1990; (3) that plaintiffs had failed to supply notes and photos requested by Monsanto at a September 4, 1990 deposition of James Burris; and (4) that Debbie Burris, without notice, failed to appear for her deposition scheduled for October 1, 1990.

On October 25, 1990, defendants' motion was called, heard and sustained. The court ordered plaintiffs to supply all of the documents, notes and photos identified in the joint motion, ordered James Burris to return to the office of the examining psychologist to complete the psychological exam, and ordered Debbie Burris to appear for her deposition within 20 days of the court order. The court then stated that if, by November 14, 1990:

1. Debbie Burris dismissed her cause of action against Monsanto on September 27, 1990. Her husband did the same on October 4, 1990. Monsanto remained in the case as a third-party defendant.

2. The court's entry of January 4, 1991 notes that the motion was submitted and that the court treated it as a motion for a new trial. The

plaintiffs have failed to comply with all or part of this order, plaintiffs' Sixth Amended Petition and all claims against defendants and third party [defendant] will be dismissed with prejudice at [plaintiffs'] costs, without further order of this Court.

On November 26, 1990, without notice to plaintiffs, defendants filed a "Memo to Clerk" which stated that the plaintiffs had yet to comply with the order of October 25, 1990. Defendants requested that all of plaintiffs' claims be dismissed. The court issued an order stating that, "Plaintiffs' failure to comply with this Court's October 25, 1990 Order results in a dismissal with prejudice of all claims against Defendants and Third–Party Defendant at Plaintiffs' cost."

Plaintiffs filed two post-judgment motions. On December 21, 1990, they filed a "Motion to Reconsider or Set Aside the Court's Order of November 26, 1990",[2] and they later submitted a supplemental motion for relief pursuant to Rule 74.06. The court directed the parties to submit memoranda in support of their positions. On June 24, 1991, after hearing arguments, the trial court denied both motions and plaintiffs' oral request for an evidentiary hearing.

Rule 74.06 provides in relevant part that relief from a judgment may be granted for:

**(b) Excusable neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court *may* relieve a party ... from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) the judgment is irregular; ....

(Emphasis added.)

 The trial court is vested with broad discretion when acting on motions to

motion was denied on June 24, 1991. More than fifteen days elapsed between the judgment and its filing; the motion was thus untimely filed. Rule 73.01. The court had no jurisdiction to rule on this motion as more than 30 days had passed since entry and the judgment was final. Rule 75.01. Plaintiffs do not appeal from this action by the court.

vacate judgments. *In re Marriage of Clark*, 813 S.W.2d 123, 125 (Mo.App.1991). The appellate court should not interfere unless the record convincingly demonstrates an abuse of discretion. *Id.*

On appeal, plaintiffs first argue that the November 26 order was "irregular" under Rule 74.06(b)(3) because it was the result of an "ex parte" proceeding affecting plaintiffs' rights of which they had no notice. Accordingly, they were deprived of the opportunity to apprise the court of their "substantial efforts" at compliance.

■ To be irregular, the judgment must be materially contrary to an established form and mode of procedure for the orderly administration of justice. *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985). An irregularity must render the judgment contrary to a proper result. *Id.* at 358. The rule reaches only procedural errors which, if known, would have prevented entry of a judgment. *Fischer, Spuhl, etc. v. F.T. Jones & Co.*, 750 S.W.2d 457, 460 (Mo.App.1988). Involuntary dismissal can be made with prejudice only if there is notice and an opportunity to be heard. *Willens v. Gray*, 757 S.W.2d 656, 658 (Mo.App.1988).

Rule 61.01 provides in relevant part:

**(d) Failure to Produce Documents, and Things or To Permit Inspection.** If a party ... fails to produce documents and tangible things as requested under Rule 58.01, the discovering party may move for an order compelling compliance in accordance with the request.... If the motion for inspection or production is granted and if the party against whom the order is entered fails to comply as stated, the court may, upon motion, make such orders in regard to the failure as are just and among others the following:

\* \* \* \* \* \*

(2) An order striking pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or

any part thereof or, rendering a judgment by default against the disobedient party.

\* \* \* \* \* \*

**(f) Failure to Attend Own Deposition.** If a party ... fails to appear before the officer who is to take his deposition, after being served with notice, the court may, upon motion and reasonable notice to the other parties and all persons affected thereby, make such orders in regard to the failure as are just and among others, it may take any action authorized under paragraphs (1), (2), (3) and (4) of subdivision (d) of this Rule.

■ The record shows that the judgment was not materially contrary to the established procedure for the enforcement of discovery under Rule 61. Moreover, plaintiffs had ample notice and opportunity to be heard prior to dismissal. The order of October 25, 1990 was the result of a motion by defendants heard that day. The record reveals that plaintiffs were notified. Plaintiffs thus had notice and an opportunity to be heard prior to the issuance of the self-executing order which resulted in the dismissal.

■ In addition, the order made clear that plaintiffs had 20 days in which to comply with the court-ordered discovery or their claims would be dismissed. This placed them on notice both that dismissal would be the result of non-compliance and that defendants would seek that dismissal after the 20–day period had elapsed. *See Willens v. Gray*, 757 S.W.2d at 656. Our colleagues in the Western District have held that this notice and the intervening time period before the sanction takes effect constitute sufficient notice and an opportunity to be heard. *Willens* at 658.[3] The judgment was within established procedure and, accordingly, not irregular.

■ Nor can we say, as plaintiffs next assert, that the trial court erred in denying their request for an evidentiary hearing so they could develop evidence of excusable

---

**3.** It has also been held that Rule 61.01 provides constructive notice because it authorizes dismissal as a sanction for failure to comply with discovery orders. *Willens* at 658. *See* Rule 61.01(d) & (f).

neglect. Plaintiffs contended in their motion that they did not comply with the court-ordered discovery because their counsel was "distracted" by "other significant events." Among the events cited was an acrimonious dispute with his associate, a complex ongoing trial, and a criminal prosecution against him in July 1990.[4]

Rule 74.06(b) permits but does not require the court to grant relief for excusable neglect. While each case involving the existence of good cause or excusable neglect is to be considered on its own facts, courts have consistently held that circumstances involving the human element of forgetfulness do not constitute excusable neglect. *M.S. Conway Const. Co. v. Prudential Ins. Co.*, 682 S.W.2d 56, 58 (Mo. App.1984). It was well within the trial court's discretion to find that plaintiffs' allegations were insufficient to constitute excusable neglect and to refuse to grant an evidentiary hearing.

Judgment affirmed.

GARY M. GAERTNER, J., and CRANE, J., concur.

---

**4.** There is no evidence in the record to support these allegations.