AMERICAN ECONOMY INSURANCE COMPANY, as subrogee of Silas Luallen and Ella Luallen, Plaintiffs–Respondents,

v.

Larry POWELL, Defendant–Appellant.

No. 25650.

Missouri Court of Appeals, Southern District, Division Two.

May 13, 2004.

Jace Kentner and Kevin M. Sloan, Lake Ozark, MO, for appellant.

David J. DeSimone and Brad I. Pearson, Kansas City, MO, for respondents Silas Luallen and Ella Luallen.

Dana L. Frese, Jefferson City, MO, for respondent American Economy Insurance Company.

NANCY STEFFEN RAHMEYER, Chief Judge.

Larry Powell ("Powell"), who was uninsured at the time, was involved in a car accident on February 17, 1994. Subsequently, Powell pled guilty to a traffic offense, and paid $130,000.00 in restitution to Silas Luallen and Ella Luallen for damages resulting from accident. American Economy Insurance Company ("American Economy"), as subrogee for the Luallens, sued Powell for recovery of the uninsured motorist benefits it had paid to the Lual-

lens. Powell retained an attorney, who filed an answer on November 3, 1997, and then withdrew from representation on October 13, 1998. The Luallens were not named parties to the lawsuit.

On April 12, 1999, more than five years after the accident, the Luallens filed a motion in which they sought to be joined as party plaintiffs to the lawsuit. A copy of the motion to join the Luallens was mailed to Powell at an address which he claims was not used by him. Although Powell claimed not to have received any of the notices regarding motions and hearings pertaining to the motion to join parties, the court held a hearing on July 13, 1999, in which the Luallens were added as party plaintiffs [1] and a First Amended Petition was filed.

The trial was held on August 31, 1999. At its conclusion, a judgment was rendered in favor of the Luallens in the amount of $550,000.00 for Ella Luallen, $80,000.00 for Silas Luallen, and $145,000.00 for American Economy. The docket entries for the trial court do not indicate that notice of the judgment was ever mailed to Powell, but instead indicates that notice was sent to "attorneys of record". Powell stated that he first became aware of the proceedings against him three years later on October 22, 2002. At that time, his counsel filed a motion to set aside the judgment, which was denied on May 13, 2003. Powell appeals from the denial of the motion to set aside the judgment. We affirm.

We review the denial of the motion to set aside a judgment for an abuse of discretion. *Estep v. Atkinson,* 886 S.W.2d 668, 675 (Mo.App.S.D.1994). Abuse of discretion is found where the ruling of the trial court is clearly against the logic of the

1. When referring to American Economy and the Luallens collectively, we designate them as "Respondents."

circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *In re DeWitt,* 946 S.W.2d 258, 260–61 (Mo.App. W.D.1997).

■ Initially, Powell contends the trial court erred in denying the motion to set aside the judgment because the judgment was entered on a pleading not properly served on Powell. Specifically, he argues that the judgment is void under Missouri Rule 74.06(b)[2], and in violation of Powell's due process rights, in that Powell never *actually* received the necessary pleadings and notices. Although Powell refers to the judgment as a default judgment, we note that it was a judgment on the merits even though Powell did not appear. In reaching this conclusion, we observe that Powell had filed an answer to the original petition and, though he failed to file an answer to the amended petition, a trial was held. Thus, the judgment was on the merits and the rule governing the setting aside of the judgment is Rule 74.06(b). *See Estep* 886 S.W.2d at 673–74. A judgment may be void if it is not in compliance with the service requirements of Rule 43.01. Rule 43.01 provides that:

> **(a) Service—When Required.** Every pleading subsequent to the original petition, every written motion, other than one that may be heard ex parte, and every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule or order is required to be served shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.

. . . .

> **(c) Service—How and by Whom Made.** Unless otherwise ordered by the court, service required by Rules 43.01(a) and 43.01(b) may be made in the following manner:

. . . .

> (2) Upon a party, by delivering or mailing a copy to the party, by transmitting a copy to the party by facsimile transmission, or by serving a copy in the manner provided for service of summons in Rule 54.13.

Although Powell acknowledges that personal service is required only when a party is in default for failure to appear and Powell was not in default, he contends that notions of due process require personal service when new parties and new claims for damages were added to the petition. Although Powell has no support in the rules for such a requirement, Powell relies on an argument of fundamental fairness, which, he argues, requires mandatory personal service in this case.

■ There is no question that, in order to fulfill due process requirements, "a party must be informed of 'any proceeding which is to be accorded finality' either by actual 'notice or by some *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections.'" *Eastin v. Franklin,* 806 S.W.2d 57, 60 (Mo.App. S.D.1991) (emphasis in the original). Furthermore, there is no question that mailing is a proper means of notifying a pro se litigant of scheduled hearings. *Smith v. Smith,* 908 S.W.2d 170, 172 (Mo.App. E.D. 1995).

---

**2.** All rule references are to Supreme Court Rules (2003), unless otherwise stated.

■ Numerous mailings concerning motions and trial settings were sent to Powell at the address listed by his attorney in his attorney's motion to withdraw. Keeping in mind that we are reviewing the trial court's refusal to set aside the judgment for an abuse of discretion, we find there were facts before the trial court which permit a finding that Powell himself refused letters sent by the court and by the law firm representing Respondents. Specifically, in the suggestions opposing the motion to set aside the judgment, Respondents set forth an envelope from the clerk of the Circuit Court of Camden County, sent on June 18, 1999, that was marked with a handwritten "Refused". There was a second envelope from the clerk, which appears to be dated July 18, 1999, with a handwritten "UNWANTED MAIL RETURNED". Additionally, there is a letter from one of Respondents' attorneys to Powell at the same address, dated May 3, 1999, that was returned as "REFUSED". All of these envelopes were sent to Powell's last known address prior to the court hearing.[3]

■ Powell himself testified that he lived off and on at the address to which the notices were sent and he has also claimed the same address as his business address since at least 1994; he simply claims that he did not receive mail at that address. The letters and pleadings were sent to Rt. 2, Box 140, Highway F, Sunrise Beach, Missouri, while Powell claims his actual mailing address is Rt. 2, Box 141, Highway F, Sunrise Beach, Missouri. The trial court was within its discretion to discount Powell's claim that he was not given an opportunity to be heard. Due process affords an opportunity to be heard and, thus,

a party can waive his due process rights to be heard by voluntarily absenting himself from the proceedings. *Moore v. Bd. of Educ. of Fulton Pub. Sch. No. 58*, 836 S.W.2d 943, 947 (Mo. banc 1992). A party cannot refuse notice that was properly served by mail in accordance with court rules and then assert a due process violation because he did not receive actual notice of the court proceeding. *See Morris v. Christian Hosp.*, 682 S.W.2d 492, 493 (Mo.App. E.D.1984). Simply put, American Economy did not violate Powell's due process rights in its attempt to provide notice to Powell by mail pursuant to Rule 43.01(c)(2). Point I is denied.

In his second point, Powell contends that the amended petition, which added new parties and new claims, was not timely because it was filed after the five-year statute of limitations on the claims of the Luallens expired, making the judgment void under Missouri Rule 74.06(b). *See* § 516.120. Powell further contends that the filing of the amended petition does not relate back to the filing of the original petition, as an amendment which adds or substitutes a proper party does not relate back to the original petition so as to save the action from the running of the statute of limitations. *See Henderson v. Fields*, 68 S.W.3d 455, 467 (Mo.App. W.D.2001). He further argues that though the motion to join parties was made under Rule 52.04, the Rule cannot be used to avoid the statute of limitations. *See Goodkin v. Maryland Assoc. Ltd. P'ship*, 80 S.W.3d 484, 489–90 (Mo.App.E.D.2002). Thus, Powell asserts, the Luallen's judgments are void because their cause of action had expired.

■ In making this argument, Powell confuses void and voidable judgments. A

---

**3.** Arguably, due process may be violated if the last known address is incorrect and it can be proven that the party's adversaries knew that the mailing address was in error when they sent pleadings or other forms of notice there; however, those are not the facts presented here.

judgment is void in only three circumstances: (1) if the trial court did not have subject matter jurisdiction; (2) if the trial court did not have personal jurisdiction over the parties; or (3) if the trial court acted in a manner inconsistent with due process of law. *Downing v. Howe,* 60 S.W.3d 646, 650 (Mo.App. S.D.2001). No issue has been raised concerning subject matter jurisdiction or personal jurisdiction. Although a judgment rendered by a court acting in a manner inconsistent with due process can and should be declared void,[4] we have already determined in Point I that Powell's due process rights were not violated by his claim that he of lacked of notice of the motions to add parties and the trial settings.

■ At most, a judgment rendered on a claim for which the statute of limitations has allegedly run is a voidable judgment; it is not absolutely void.

> A voidable judgment is one rendered by a court having jurisdiction, but which is irregularly and erroneously rendered. Such a judgment is valid until vacated by direct proceeding instituted for that purpose or until reviewed on appeal or by writ of error; it becomes valid by failure within the proper time to have it annulled or by subsequent ratification or confirmation.

*McMillan v. Wells,* 924 S.W.2d 33, 36 (Mo. App. S.D.1996).

■ The affirmative defense of the statute of limitations is non-jurisdictional and can be waived. *Longhibler v. State,* 832 S.W.2d 908, 910–11 (Mo. banc 1992); *Dice v. Darling,* 974 S.W.2d 641, 645 (Mo. App. W.D.1998). The statute of limita-

tions must be raised in a responsive pleading. Rule 55.08. If the statute of limitations is not pled in the answer, it is waived. *Storage Masters–Chesterfield, L.L.C. v. City of Chesterfield,* 27 S.W.3d 862, 865 (Mo.App. E.D.2000). As noted above, Powell filed no pleadings in response to the amended petition; thus, he failed to raise the affirmative defense of the statute of limitations.[5] If Powell is contending the judgment was "irregular," it is, at most, voidable. Rule 74.06(c) requires that a motion to set aside a judgment as irregular must be filed within one year after the judgment was entered.

■ Although Powell contends that he had no notice of the judgment taken against him until October 22, 2002, we note that the record is replete with references to a judgment debtor's examination, which took place in 2001.[6] Thereafter, Powell was personally served with a summons to appear at the debtor's examination and the docket entry shows that he so appeared on March 13, 2001. Even if Powell did not receive notice from the court that a judgment had been taken against him, he certainly had notice by the time he was served with the first summons to appear at the judgment debtor's examination and yet Powell failed to file a motion to set aside an "irregular" judgment within a year of the judgment. The motion to set aside the judgment was filed on March 4, 2003. Point II is denied.

The judgment is affirmed.

SHRUM, J., and BATES, J., concur.

---

4. *Id.*

5. Powell did not contend any violation of the statute of limitations in the initial answer.

6. Respondents filed a motion for examination of judgment debtor on January 17, 2001, in an effort to collect on the judgment owed by Powell. A citation and order was issued by the circuit court on January 17, 2001.