**Cotenia LAMBERT, Plaintiff–
Appellant,**

v.

**Richard HOLBERT, Defendant–
Respondent.**

No. 26705.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 2005.

Terry A. Tolbert, Tolbert, Beadle & Musgrave, LLC, Springfield, Thomas W. Rynard, Blitz, Bardgett & Deutsch, L.C., Jefferson City, for appellant.

Timothy Mudd, The Mudd Law Firm, Kansas City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

This suit by Cotenia Lambert ("Plaintiff") against Richard Holbert ("Defendant") seeks damages allegedly caused by Defendant's negligent use of a motor vehicle. After Defendant's repeated failure to answer interrogatories—the last failure occurring despite an order that he file answers—the court (at Plaintiff's request) sanctioned Defendant by striking his pleadings and entering an "interlocutory order of default." Later, the court held a damage hearing. Following that hearing, the trial court awarded Plaintiff $100,000.

Three days after the money judgment was entered, Defendant moved to set it aside. In part, Defendant relied on Rule 74.06(b) to support his request.[1] The court found Defendant had not been given notice of the two hearings that preceded the judgment; accordingly, it sustained Defendant's motion to set aside the judgment. Plaintiff appeals. We affirm.

## STANDARD OF REVIEW

We review a judgment that has been based on Rule 74.06(b) for an abuse of discretion. *Estep v. Atkinson,* 886 S.W.2d 668, 675 (Mo.App.1994). "[J]udicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* at 675[7]. "Questions of law, however, are reviewed de novo." *State v. Cook,* 104 S.W.3d 808, 811[5] (Mo. App.2003).

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed her petition on November 3, 2003. She alleged Defendant negligently followed too close, that he rear-ended her vehicle, and she was injured and damaged thereby. Defendant's answer, filed December 1, denied any negligence on his part.

The parties then exchanged discovery requests (interrogatories and production of documents) and apparently both parties filed timely responses. On May 24, 2004, Plaintiff filed a second set of interrogatories. Defendant did not answer within the time prescribed by Rule 57.01, nor did he answer after Plaintiff's lawyer wrote letters requesting compliance.

Finally, on September 1, 2004, Plaintiff moved for an order compelling discovery. In part, Plaintiff's motion asked "that the Court intervene and order that the discovery be answered and responded to." The motion's prayer for relief was that the court enter an order compelling Defendant to answer within twenty days. Moreover, the motion sought an order striking Defendant's pleadings.

The court heard Plaintiff's motion to compel discovery on September 14, 2004. It sustained that motion and ordered Defendant to respond within twenty days. No ruling was made on the part of Plaintiff's September 14 motion that sought sanctions.

1. All rule references are to Supreme Court Rules (2004), unless otherwise indicated.

When Defendant still did not answer or respond—despite the court order—Plaintiff filed a second motion in which she again asked that Defendant be sanctioned. This motion was filed October 15, 2004. In it, Plaintiff asked the court to strike Defendant's pleadings and for an interlocutory default judgment. The October 15 sanctions motion was noticed up for hearing on October 26, 2004. A certificate of service on this motion recited that it was sent to Defendant's lawyer, Tim Mudd ("Mudd").

The hearing was held October 26, per the notice, but neither Defendant nor his lawyer appeared. Thereon, the court entered a "judgment and interlocutory order of default" in which it struck Defendant's pleadings and ruled for Plaintiff as a sanction for Defendant's failure to comply with the discovery order.

On November 1, 2004, the trial judge scheduled a damage hearing for November 23. A docket entry on that date directed Plaintiff's attorney to notify "any other parties." On November 4, 2004, a docket entry was made that rescheduled the damage hearing for November 9. Again, the court directed Plaintiff's lawyer to notify "the other parties."

The damage hearing was held November 9, 2004, but neither Defendant nor his lawyer appeared. After hearing evidence, the trial court entered judgment for Plaintiff. The judgment incorporated the interlocutory order and awarded Plaintiff damages of $100,000.

On that same date (November 9), the court faxed a copy of the judgment to Mudd. Three days later, Mudd filed a motion to set aside the judgment, claiming (among other things) that the judgment was irregular or void under Rule 74.06(b). As a basis for his argument, Mudd claimed (via sworn affidavit) that he never received a copy of Plaintiff's October 15, 2004, sanc-

tions motion, i.e., the one where Plaintiff asked for an order striking Defendant's pleadings and an interlocutory default judgment. Mudd further swore that he never received notice of the October 26 hearing or the November 9 hearing. At the "motion to set aside judgment" hearing, Mudd reaffirmed these claims of lack of notice, again by sworn testimony.

In ruling on Defendant's motion, the trial judge stated:

"I will remind Mr. Tolbert [Plaintiff's lawyer] that, that this surprised me that a notice was sent and that Mr. Mudd was not here on that Motion for Sanctions because he's been in this court many, many times. He's always prompt and present when he's supposed to be here. And if there's something that comes up he's quick to call if he's in Kansas City and can't get here to let us know he won't be here on a certain date.

"And I suspected we'd be right in here and told you so that we'd be right in here doing this because that's not like Mr. Mudd and I don't think he would, would ignore that. If he got the notice he would be here or deal with it in some way.

. . . .

"And whether there were answers overdue or responses to production overdue or anything like that with a trial setting in June of next year … I'm quite confident in my own mind just knowing you Mr. Mudd that you would have been here taking care of this thing had you gotten notice.

"So I don't believe that notice was ever received by Mr. Mudd to be here. And as I expressed to Mr. Tolbert in open court, we'd be back here just like this for me to be setting it aside and so that's what I intend to do is to set aside both the judgment on November 9 and

also the interlocutory judgment on October 26."

The judge then sustained Defendant's motion to set aside the judgment. In doing so, the court did not disclose the basis for its decision. Plaintiff appeals.

## DISCUSSION AND DECISION

Plaintiff's second point maintains the trial court abused its discretion if it used Rule 74.06(b) to set aside the judgment because "Defendant had appropriate notice and opportunity to defend against the sanctions imposed, and the Defendant was not prejudiced by any lack of notice of the hearing on damages." The essence of Plaintiff's argument is that Defendant had adequate notice because he was notified via the September 1 motion and the trial court's September 14 order that (1) Plaintiff had filed a motion to compel discovery, (2) the motion sought sanctions under Rule 61.01 if Defendant failed to comply, and (3) the court ordered him to comply within twenty days.

Rule 61.01 provides for various sanctions if a party to a lawsuit fails to comply with appropriate discovery requests. Generally, "[i]f a party fails to answer interrogatories ... the court may, upon motion *and reasonable notice* to other parties, make such orders in regard to the failure as are just." Rule 61.01(b) (emphasis supplied). For instance, a court is authorized to issue "[a]n order striking the pleadings or parts thereof ... or render a judgment by default against the disobedient party." Rule 61.01(b)(1).

■ Here, Plaintiff initially tried to have Defendant sanctioned for discovery rule violations when she filed her September 1, 2004, motion for an order compelling discovery. Although this motion included a request that Defendant's pleadings be stricken, the court never ruled that part of the motion. It merely ordered Defendant to make discovery within twenty days. Whether the trial court intended to overrule that part of Plaintiff's September 1 motion that requested sanctions, or whether its failure to rule that part of the motion was merely an oversight, is unanswered by this record. Arguably, the trial court's failure to rule that part of Plaintiff's motion constituted a denial. *See Sturgis v. Sturgis*, 663 S.W.2d 375, 384[17] (Mo.App. 1983).

In any event, it is clear that the request for sanctions as contained in the September 1, 2004, motion was never revisited, nor was that motion the basis for the sanction that was ultimately imposed. When Plaintiff and her lawyer appeared in court for the sanction hearing held on October 26, 2004, they—and the trial court—took up the sanction motion filed October 15, 2004. This is the motion that Defendant's lawyer swore he never received; an averment that the trial judge found to be true. By proceeding in this fashion, Plaintiff waived or abandoned any claim of entitlement to sanctions under its September 1 motion—the one that Defendant admittedly knew about—and ultimately obtained a judgment via a proceeding held without notice to Defendant. *See Harrington v. Harrington*, 153 S.W.3d 315, 319 (Mo.App. 2005) (holding wife abandoned her attempts to seek sanctions against husband and husband was not placed on notice that those issues would be raised again by guardian ad litem).

■ A judgment entered without notice to an adversely affected party who has filed responsive pleadings can be set aside as irregular and voidable, if not inherently void, under Rule 74.06(b)(3)-(4). *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 176 n. 6 (Mo. App.2004); *Clark v. Clark*, 926 S.W.2d 123, 128[5] (Mo.App.1996). This follows from several fundamental principles of law.

An irregular judgment is one rendered contrary to a proper result, i.e., it is materially contrary to established forms and modes of procedure for the orderly administration of justice. *In re Marriage of Dooley,* 15 S.W.3d 747, 753 n. 4[9] (Mo.App.2000). A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition, i.e., it is one achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice.

It has also been held that a judgment may be void if rendered in violation of the service requirements of Rule 43.01. *Am. Econ. Ins. Co. v. Powell,* 134 S.W.3d 743, 746[1] (Mo.App.2004). Other cases have held that the failure to give adequate notice results in a violation of that person's due process rights, *Cody v. Old Republic Title Co.,* 156 S.W.3d 782, 784[6] (Mo.App. 2004), *Powell,* 134 S.W.3d at 746–47, and "[a] violation of a litigant's due process rights results in a void judgment." *Baxi v. United Technologies Automotive,* 122 S.W.3d 92, 96[9] (Mo.App.2003).

Here, Defendant alleged in his post-judgment motion that he never received a copy of Plaintiff's second motion for sanctions (filed October 15, 2004), nor did he receive notice of the two proceedings that followed, i.e., the October 26 and November 9 hearings relating to the October 15 sanctions motion. Mudd provided an affidavit to this effect and also testified to the lack of notice at the hearing to set aside the judgment. The trial court obviously believed Mudd, which was the court's prerogative.[2] We must defer to this factual determination. *Cook,* 104 S.W.3d at 811[4]. Consequently, we find no abuse of discretion when the trial court chose to believe Mudd as this was not clearly against the logic of the circumstances and is not so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Estep,* 886 S.W.2d at 675[7].

Once the trial court chose to believe Mudd's testimony that he had no notice of either the October 15, 2004, filing, or the October 26, 2004, hearing or the November 9, 2004, hearing, the question of the proper remedy remained. Due to the lack of notice, the judgment entered here was either irregular or void. *Kreutzer,* 147 S.W.3d at 179 n. 6; *Clark,* 926 S.W.2d at 128[5]. As such, the trial court properly set aside its judgment under Rule 74.06(b).

In so holding, we do not ignore the cases relied upon by Plaintiff in arguing her second point. Those cases, however, are distinguishable.

In *State ex rel. Willens v. Gray,* 757 S.W.2d 656 (Mo.App.1988), the defendant (Willens) served the plaintiff (Baker) with interrogatories that Baker failed to answer. The court ordered Baker to answer within ten days, and affirmatively "stated that a failure to answer would result in appropriate court-imposed sanctions." *Id.* at 657. Later, Willens filed a motion to dismiss the suit because Baker continued to ignore (1) the discovery request, (2) the court's order directing that Baker answer, and (3) the threatened sanctions. Shortly thereafter, the court dismissed Baker's

---

**2.** *See Zurheide–Hermann, Inc. v. London Square Dev. Corp.,* 504 S.W.2d 161, 165 (Mo.1973)(certificate of service only creates rebuttable presumption); *Jarrell v. Dir. of Revenue,* 41 S.W.3d 42, 45–47 (Mo.App.2001)(appellate court defers to trial court's resolution of contradictory facts whether presented via testimony or documents). The only contrary evidence was the certificate of service on Plaintiff's motion for sanctions and an affidavit presented from an assistant in Tolbert's law firm that the motion was mailed.

suit without notifying Baker that it was doing so. *Id.*

In a subsequent prohibition case, one of the issues was whether dismissal of the first suit came after Baker had notice and an opportunity to be heard. The eastern district answered that affirmatively, saying:

> "Baker ... contends that the order made on July 11, in which he was granted ten days to answer the interrogatories, simply stated that the failure to do so would result in appropriate court-imposed sanctions. Baker argues that this did not give him notice that his petition would be dismissed This contention overlooks the fact that the motion for sanctions filed on August 1 requested the court to impose sanctions by dismissing the action. Dismissal is one of the sanctions provided by Rule 61.01(b)(1) for failure to answer interrogatories. Thus, Baker was placed on notice August 1 that the sanction of dismissal of his petition was being sought. On August 9 the court dismissed his cause of action. Clearly, Baker had notice and opportunity to be heard before his suit was dismissed."

*Id.* at 658.

Unlike the *Willens* case (where undisputed facts disclosed Baker had notice that dismissal of his suit was being sought as a sanction for failure to answer interrogatories), Plaintiff's September 1 motion to compel discovery—which requested that Defendant be sanctioned by having her pleadings stricken—was never ruled. Instead, the sanction imposed resulted from a separate proceeding about which Defendant never received notice. These facts distinguish this case from *Willens*.

Plaintiff also relies on *Burris v. Terminal R.R. Ass'n,* 835 S.W.2d 535 (Mo.App. 1992), as support. There, the court dismissed, *ex parte,* the plaintiffs' case for failing to comply with discovery. *Id.* at 537. Before the dismissal, however, the court ordered compliance within twenty days of its order, of which the plaintiff had notice. Moreover, the court's order recited that upon failure to comply "with all or part of its order, plaintiffs' [petition] will be dismissed with prejudice at [plaintiffs'] cost, *without further order of this Court."* *Id.* (emphasis supplied). The *Burris* court held that the plaintiffs had ample notice because they received notice of the hearing on the motion for sanctions and the resultant order. *Id.* at 538. The trial court's order in *Burris* specifically warned the plaintiffs that dismissal would result if they failed to comply. *Id.* at 537. That is not our case. The order here merely told Defendant to comply within twenty days and made no mention of sanctions. Moreover, as repeatedly pointed out, the sanction here came via a new and different motion about which Defendant was unaware.

The final case Plaintiff relies upon is *Bell v. Bell,* 987 S.W.2d 395 (Mo.App.1999). There, the defendant failed to comply with the trial court's first order compelling discovery. The plaintiff then filed a motion for sanctions to which the defendant received notice. The resultant order gave the defendant three days to comply, and if not, then he would be precluded from producing any records at trial not given to the plaintiff in discovery. *Id.* Also, in the motion for sanctions, the plaintiff asked the court to strike the defendant's pleadings. Again, the defendant failed to comply. On the day of trial, the plaintiff asked the court to strike the pleadings and preclude the introduction of any documents by the defendant. The court granted plaintiff's oral motion. *Id.* at 400.

On the issue of striking the pleadings, the *Bell* court held that the notice given on the day of trial was adequate to comply

with due process. *Id.* at 401. It noted the defendant was aware for three months that this was a sanction the plaintiff was seeking. *Id.* The court also noted the defendant demonstrated a continuous frustration of the judicial process throughout the history of the case via his failures to comply with discovery. *Id.* These facts significantly distinguish *Bell* from this case.

Unlike the sanctioned party in Bell, here Defendant generally complied with discovery until the issue arose surrounding the second set of interrogatories. More than that, however, Plaintiff abandoned her September 1, 2004, sanction request and obtained her judgment via a motion about which Defendant was unaware. This makes the Bell analysis wholly inapposite here.

On this record, we find that the $100,000 judgment was entered without notice to Defendant and was, therefore, clearly irregular and voidable, if not inherently void, under Rule 74.06(b)(3)-(4). *Kreutzer,* 147 S.W.3d at 179 n. 6; *Clark,* 926 S.W.2d at 128[5]. The trial court did not abuse its discretion when it set aside the $100,000 judgment per rule 74.06(b). Point denied.

Judgment affirmed.[3]

GARRISON and BARNEY, JJ., concur.

---

**3.** Having found that Rule 74.06(b)(3)-(4) and relevant facts amply support what the trial court did, i.e., setting aside the $100,000 judgment, we need not address Plaintiff's claims that, on this record, the trial court abused its discretion if it relied on Rules 74.06(b)(1) or 74.05 to set aside the judgment.