

# In the
# Missouri Court of Appeals
# Western District

SHIRLEY BUXTON,

Appellant,

v.

BRENDA TODD AND
BANK OF KIRKSVILLE,

Respondents.

WD82641

OPINION FILED:

April 21, 2020

---

**Appeal from the Circuit Court of Randolph County, Missouri**
**The Honorable Andrea Ravens Vandeloecht, Judge**

**Before Division One:**
**Lisa White Hardwick, P.J., Cynthia L. Martin, and Thomas N. Chapman, JJ.**

Shirley Buxton appeals the judgment of the trial court dismissing with prejudice her petition against Brenda Todd and Bank of Kirksville d/b/a Bank of Moberly ("Bank"). She raises two points on appeal. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

## Background

On October 5, 2017, Ms. Buxton filed her petition for damages against Ms. Todd and the Bank for conversion, fraud, and breach of fiduciary duty. The petition alleged that on April 7, 2016, Ms. Todd cashed in two certificates of deposit in the names of Ms. Buxton and her husband, Roger Buxton, totaling almost $93,000, using a durable power of attorney signed by

Mr. Buxton in 1998 naming Ms. Todd as his attorney-in-fact. The Bank filed its answer, a counterclaim against Ms. Buxton for abuse of process, and a cross-claim against Ms. Todd on November 1, 2017. That same day, the trial court scheduled a hearing for November 21, 2017, "for consent hearing, scheduling conference, discovery schedule, trial setting or other order," and a notice of court hearing was sent to the parties. Ms. Todd filed her answer to Ms. Buxton's petition and a separate answer to the Bank's cross-claim on November 13, 2017. That same day, Ms. Todd also filed a motion to dismiss count II (fraud) of Ms. Buxton's petition, and the trial court entered the following docket entry, "Defendant's un-noticed Motion to Dismiss Count II of Plaintiffs Petition filed 11/13/17 is set for hearing on 11/21/17 at 1:30. Clerk to notify."

After a short hearing on November 21, 2017, at which only attorneys for Ms. Todd appeared, the trial court dismissed the case with prejudice. It made the following docket entry: "Defendant appears by Attorney Carpenter. Attorney Gump appears. Case dismissed with prejudice for failure to prosecute. Court finds case has previously been dismissed."

On December 19, 2017, Ms. Buxton filed a motion to set aside the dismissal, which included a request for findings of fact and conclusions of law. While acknowledging that there was notice setting the initial scheduling hearing on November 21, 2017, she argued that no notice was sent (or otherwise provided) which set Ms. Todd's motion to dismiss count II for hearing on November 21. In addition, Ms. Buxton argued that neither defendant had filed a motion to dismiss all of the claims in the petition, and thus no notice to consider dismissal of the entire cause on November 21, 2017.

The trial court set the motion to set aside the dismissal for hearing on January 16, 2018. On January 16, 2018, Ms. Todd filed a motion arguing that the trial court was without jurisdiction to grant the relief sought by Ms. Buxton. She asserted that the trial court retained

2

control over its November 21, 2017 judgment dismissing the case for thirty days, that Ms. Buxton's motion to set aside was not an authorized after trial motion that would extend the court's jurisdiction, that the judgment became final and appealable after thirty days, and that Ms. Buxton had not appealed the judgment. Counsel for Ms. Buxton and Ms. Todd appeared on January 16, 2018, and the trial court granted thirty days for filing briefs. Ms. Buxton filed a brief on February 10, 2018, arguing that the trial court could decide her motion to set aside on the merits because the motion was an authorized after trial motion that extended the trial court's jurisdiction for ninety days. She also filed a notice of intent to present her motion to set aside the dismissal, and the trial court set a hearing on the motion for February 20, 2018.

At the February 20 hearing, the parties presented brief arguments regarding the trial court's jurisdiction to rule on the motion to set aside its previous dismissal. In its docket entry for that day, the trial court indicated that the cause was taken under advisement.

On March 18, 2018, Ms. Buxton filed a notice of appeal from the November 21, 2017 docket entry dismissing her petition. The notice of appeal noted that a post-trial motion had been filed on December 19, 2017, and that it had not been ruled on within 90 days. On April 4, 2018, the trial court entered an order that, due to the appeal (WD81638), it was unable to proceed and render a judgment on the pending motion until resolution of the appeal. On May 23, 2018, this court dismissed the appeal in WD81638 because it was taken from a docket entry that was neither final nor otherwise appealable pursuant to section 512.020, RSMo 2016, and Rule 74.01(a). This court issued a mandate in WD81638 on June 8, 2018, ordering the appeal dismissed for lack of jurisdiction.

Meanwhile, on June 3, 2018, Ms. Buxton filed a notice of intent to present her request of judgment/findings of fact and conclusion of law to the trial court on June 19, 2018, and the trial court scheduled a hearing for that day. Ms. Todd filed a response on June 13, 2018, arguing that a request for findings of fact and conclusion of law was improper and requesting that the trial court re-enter its November 21, 2017 dismissal and denominate it as a judgment. After a continuation to July, the trial court held a hearing on July 17, 2018, took the matter under advisement, ordered the parties to provide proposed orders, and scheduled a case review for August 21, 2018.

On August 21, 2018, a joint motion for change of judge was granted. After the Missouri Supreme Court assigned a new judge to the case, several hearing dates on the motion to set aside the dismissal were continued.

On February 5, 2019, a hearing was held, and the trial court took the matter under advisement. On February 10, 2019, the trial court entered its judgment denying the motion to set aside the dismissal and confirming the original dismissal with prejudice, as follows:

> 2. Supreme Court Rule 75.01 limits the trial court's control over judgments to thirty days after the entry of judgment. Although Plaintiff filed the Motion to Set Aside within the thirty day period, no action was taken on the motion within the thirty day period and this court no longer has jurisdiction.
> THE COURT HEREBY ORDERS that Plaintiff's Motion to Set Aside Dismissal is hereby denied. The original dismissal with prejudice by the trial court is confirmed.

This appeal by Ms. Buxton followed.

**Discussion**

Ms. Buxton raises two points on appeal. In point one, she contends that the trial court plainly erred and abused its discretion when (on November 21, 2017) it, *sua sponte*, ordered dismissal of the case with prejudice. In point two, she asserts that the trial court erred in entering

4

judgment (on February 10, 2019) on the basis that it lost jurisdiction over the case thirty days after the November 21, 2017 dismissal with prejudice. Because the second point is dispositive, point one is not addressed.[1]

The trial court's February 10, 2019 judgment did not address the merits of Ms. Buxton's motion to reconsider its previous dismissal. The trial court's only reason for denying the motion and confirming the previous dismissal was that it lost jurisdiction thirty days after the November 21, 2017 entry of dismissal with prejudice. Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." After the expiration of the thirty-day period of Rule 75.01, the trial court is divested of jurisdiction in the case unless a party files an authorized after-trial motion. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468-69 (Mo. banc 2011); *Cupit v. Dry Basement, Inc.*, 592 S.W.3d 417, 424 (Mo. App. W.D. 2020). But where a judgment in question is not final, Rule 75.01 does not apply, and the trial court retains jurisdiction to enter a final judgment. *Spicer*, 336 S.W.3d at 469; *Cupit*, 592 S.W.3d at 424.

Rule 74.01(a) defines a judgment:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment

---

[1] We note that the trial court has the inherent power to dismiss a case, on its own motion, for failure to prosecute. *Laubinger v. Mo. State Highway Comm'n*, 726 S.W.2d 355, 356 (Mo. App. W.D. 1987). An involuntary dismissal can only be made with prejudice, however, if there is notice and an opportunity to be heard before the dismissal is made. *State ex rel. Willens v. Gray*, 757 S.W.2d 656, 658 (Mo. App. W.D. 1988). A court's discretion to dismiss with prejudice for failure to prosecute "is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice." *Peet v. Randolph*, 103 S.W.3d 872, 877 (Mo. App. E.D. 2003) (internal quotes and citation omitted). "As a matter of policy, Missouri law favors the disposition of cases upon the merits, when possible." *Id.*

unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

*See also Cone v. Kolesiak*, 571 S.W.3d 644, 650 (Mo. App. W.D. 2019).

> The Rule 74.01(a) requirement that a trial court denominate its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue. Thus, the written judgment must be signed by the judge and must be designated a "judgment."

*Cone,* 571 S.W.3d at 650 (internal quotes and citation omitted).[2]

In this case, the November 21, 2017 dismissal with prejudice was by docket sheet entry. It was not signed by the judge and was not denominated a "judgment." The trial court's November 21, 2017 dismissal with prejudice did not meet the requirements of Rule 74.01(a), and thus was not a judgment. In fact, this court dismissed the first appeal (WD81638) of the November 21, 2017 dismissal, because it was neither final nor otherwise appealable pursuant to Rule 74.01(a). Because the November 2017 dismissal by docket sheet entry was not a judgment, Rule 75.01 did not apply, and the trial court retained jurisdiction in the case. *See Peet v. Randolph*, 103 S.W.3d 872, 876 (Mo. App. E.D. 2003) (where trial court's dismissal by docket sheet entry did not meet the requirements of Rule 74.01(a), it was not a judgment, the thirty-day limit upon continued jurisdiction in Rule 75.01 did not apply, and the trial court did not lose jurisdiction thirty days after the dismissal by docket entry). The trial court, therefore, erred in

---

[2] While addressing the finality of judgments that disposed of some (but not all) of the claims in a lawsuit, the Missouri Supreme Court recently clarified that, for purposes of section 512.020(5), RSMo 2016, which provides that "final judgments" are appealable, a final judgment must satisfy two criteria: (1) it must be a "judgment" in that it satisfies the requirements rule 74.01(a) (in writing, signed by the judge, and expressly denominated a judgment), and "it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim"; and (2) "it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson v. City of St. Louis,* No. SC97544, 2020 WL 203137 *5 and *5 n.9 (Mo. banc Jan. 14, 2020).

entering its February 10, 2019, judgment based solely on its conclusion that it lost jurisdiction thirty days after the November 21, 2017 dismissal with prejudice.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.[3]

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

---

[3] Because the judgment is reversed, the November 21, 2017 order dismissing Ms. Buxton's case with prejudice remains in effect, but also remains an order that is not final for purposes of appeal. As a result, Ms. Buxton's pleadings challenging the November 21, 2017 order remain pending and have not been ruled on their merits. Though Ms. Buxton's challenges to the November 21, 2017 order are effectively the subject of her first point on appeal, those challenges are not addressed because they are taken from an order that is not final for purposes of appeal. On remand, the trial court will be required to address the interlocutory November 21, 2017 order and Ms. Buxton's pending challenges to that order.